

**FILED** ఒ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

JAN 1 3 2014
1-13-14
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

January 13, 2014

```
                                    )
Alfred Robert Gerebizza              )
Demandant, Claimant, Secured Party   )
       V.                            )      Case 10 CR 651 2
                                     )
UNITED STATES OF AMERICA,            )          Zagel
Madeleine Murphy alleged             )
prosecutor, S.M. Kuta,               )
Warden, Paul Camarena alleged Esq.   )
James B Zagel et al                  )
Respondents, Defendants, Debtors     )
```

## WRIT OF REPLEVIN / CLAIM AND DELIVERY

Prejudgment Replevin is a provisional remedy derived from the common law action of Replevin. Replevin is a possesory action at law for the recovery of specific tangible personal property that has been wrongfully taken without consent and detained. In the matter of case 10 cr 651 2 in the NORTHERN DISTRICT FEDERAL COURT, EASTERN DIVISION, 219 South Dearborn Chicago Illinois, It would pertain to the to the unconsentual, and wrongful and unlawful detainment by a warehouser, respondent, S.M. KUTA, of the collateral, flesh and blood individuals body, Alfred Robert Gerebizza, Demandant,

2-30

The Grounds for immediate dismissal of 10 cr 651 2 and discharge, replevin of the physical, flesh and blood Alfred Robert Gerebizza, 63188019 from unlawful detention at the F.B.O.P., METROPOLITAN CORRECTION CENTER CHICAGO, 71 West Van Buren, Chicago Illinois are the following:

Ground One:    The law firm of KAMENSKY, RUBINSTEIN, HOCHMAN and DELOTT, 7250 N Cicero, Lincolnwood, Illinois, by their attorneys for the Kenzie Funds collectively, Michael Brohman and Stuart Gimbel, on or about March 6, 2006 , filed a motion in case number 01 D 86 in the circuit court of the NINETEENTH JUDICIAL CIRCUIT, Lake County Illinois. A True and Correct copy is attached hereto (EXHIBIT B-1) The filing states in paragraph 11 that Alfred Gerebizza was not involved in Draseena ( Kenzie Funds) or the management of the funds. The footnote on page 4 of the same filing, further states that Alfred Gerebizza relinquished his ownership interest in Draseena ( Kenzie Funds) long before 2006. In fact this same law firm in 2000, ( EXHIBIT B-2) through and by its attorneys, created and executed, administered, books and records and the documents for the equitable conversion and relinquishing of All ownership interests, obligations and liabilities of Alfred Robert Gerebizza with Daniel Spitzer, KENZIE FUNDS, collectively, DRASEENA and its investors and all related entities, indemnifying Alfred Robert Gerebizza from any and All future liabilities.

In addition, the sworn affidavit of the Draseena, Kenzie Funds accountant, Richard Yasik, March 7, 2006, a True and Correct copy attached hereto (EXHIBIT C-1), further states , that

4-30

inventory number 63188019 at the F.B.O.P. METROPOLITAN CORRECTION CENTER, 71 West Van Buren, Chicago Illinois, who is presumed by the respondents to be the property, collateral in the hands of a custodian, S.M. KUTA, inclosing an assignee for the benefit of alleged creditors, plaintiffs, or a receiver warden who has been appointed in non-bankruptcy law to administer the alleged property, collateral of the alleged debtor. The alleged debtor in case 10 cr 651 2 would be identified as the fictitious entity ALFRED GEREBIZZA, which is the absolute registered, real, commercial and intellectual property of the Demandant, Alfred Robert Gerebizza, ( Secured Party) evidenced by U.C.C Financing Statement, and the registration in the State of Florida (repository), registration number G13000093206 by the Secretary of State, therefore providing Exemption from Levy through Public and Private policy. The State of Florida is also the domicile of Alfred Robert Gerebizza. A True and Correct copy is attached hereto (EXHIBIT A)

As a matter of law, the alleged plaintiff, THE UNITED STATES OF AMERICA in case 10 cr 651 2 , Madeleine Murphy, agents, officers, employees, must ultimately obtain judgment in the underlying unlawful possesory action. Since the commencement of the unlawful, nonconsenting, involuntary detainment, body attachment of the demandant, Alfred Robert Gerebizza on October 4, 2011, No agent, officer, employee of THE UNITED STATES OF AMERICA has protested, contested or rebutted the record of the Demandant. The record provided in Good Faith remains unrebutted and stands as fact and absolute truth and the law of the case.

3 - 3 0

Alfred Gerebizza's name does not appear on any of the K-1 reports, evidencing the fact that Alfred Robert Gerebizza was not a party to Draseena, Kenzie Funds (collectively), management, employees, operations, K-1's or investor statements. Affidavit or Richard Resseguie, President of Harris Bank, a True and correct copy attached hereto (EXHIBIT C-2) attests to the fact, that Alfred Gerebizza was not a signatory or owner in DRASEENA, KENZIE FUNDS collectively. Rule 216, Request to Admit in that matter is hereby fully rebutted.

Ground Two: On August 2, 2010, Natalie Reda filed a complaint, sworn affidavit of probable cause in THE UNITED STATES OF AMERICA, NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION 219 South Dearborn, Chicago Illinois, against DANIEL SPITZER. a True and Correct copy attached hereto (EXHIBIT D filing no.1 on docket 10 cr 651) Natalie Reda purports to be an officer, agent, employee of THE UNITED STATES POSTAL SERVICE, with extensive background and experience, including but not limited to, mail fraud, bank fraud, wire fraud, money laundering and financial crimes. She is, as a matter of fact, an authority in these matters and received specialized training in these areas. Natalie Reda further states, that she has initiated and participated in criminal investigations, search warrants, subpoenaed financial documents, performed physical surveillance, arrests and convictions, an authority in these matters.

In forming her complaint on behalf of THE UNITED STATES OF AMERICA, she received information from other law enforcement

personnel and from knowledge regarding relevant facts and from
the record in a civil case brought by THE UNITED STATES OF
AMERICA, SECURITIES AND EXCHANGE COMMISSION, case number 10 cv
3758  in THE UNITED STATES DISTRICT COURT, NORTHERN ILLINOIS,
EASTERN DIVISION, 219 South Dearborn, Chicago Illinois, Harry
D Leinenweber, presiding. The case that gave rise to, case
number 10 cr 651 2 in this same district court.

Natalie Reda firmly attests and affirms under sworn
testimony, that DANIEL SPITZER CAUSED to be mailed, false K-1
forms and false periodic statements to his investors from his
Clearwater Florida office and that his office manager Tracey
Lynn Kammeyer Fly was primarily responsable for the production
of the quarterly statements and annual K-1's ( paragraph 43).
That KENZIE FINANCIAL MANAGEMENT is the trading manager
located in the U.S. VIRGIN ISLANDS, where DANIEL SPITZER
resides, and DANIEL SPITZER being the sole shareholder and
president. REDA further states that KENZIE SERVICES managed
and operated SS SECURITY LLP and he is the sole manager and
owner formed and located in Charlestown Nevis, West Indies.

Natalie Reda throughout her sworn affidavit, declares that
DANIEL SPITZER was the sole manger, president, owner of
DRASEENA, KENZIE FUNDS, collectively, and he single handedly
CAUSED to be delivered from his Clearwater Florida office, by
UNITED STATES mail false and misleading K-1 reports and
quarterly statements. DANIEL SPITZER and his office manager
Tracey Lynn Kammeyer Fly C.P.A.,provided for the accounting,
printing, ink, paper, UNITED STATES POSTAL SERVICE postage and
employees to CAUSE the alleged mail fraud action to occur.

In the same affidavit, Natalie Reda refers to William

Saylor junior, Forensic staff accountant for THE UNITED STATES
OF AMERICA, SECURITIES EXCHANGE COMMISSION. The affidavit
states, that he informed and provided his detailed analysis to
Natalie Reda, detailing all monies used by DANIEL SPITZER from
2004-2010. His analysis shows No transfers of monies to or
from ALFRED GEREBIZZA. His independent investigation also
indicated that DANIEL SPITZER single handedly from his
Clearwater Florida office, CAUSED to be delivered by UNITED
STATES mail, false quarterly statements. He concurs and
affirms the sworn affidavit of REDA and further affirms that
there were No transcations, trades, investments performed by
ALFRED GEREBIZZA.


Ground Three:     In Good Faith, on August 11,2009, demandant,
claimant, Alfred Robert Gerebizza domiciled in Florida, filed
a bankruptcy petition in THE UNITED STATES OF AMERICA court,
Southern District of Florida, case number 09 26632 PGH. A
True and Correct copy attached hereto (EXHIBIT E). THE UNITED
STATES COURT in the Southern District of Florida is a FEDERAL
court of THE UNITED STATES OF AMERICA. The debtor in this
matter, is also the alleged defendant in case number 10 cr
651 2 in the NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION,
both of these courts, are courts of the alleged plaintiff, THE
UNITED STATES OF AMERICA. THE UNITED STATES OF AMERICA is
defined as a corporation under TITLE 28, 15 and 17 and The
Emergency Banking Act of 1933. it is described as an entity
functioning under Chapter 11 Bankruptcy.

The Public and Private right to discharge all public and
private debt is given by Congress and the bankruptcy petition

7-30

in case 09 26632 PGH is a Public record of the exercised Right. Michael R Bakst, a Trustee, also an agent, officer, employee for THE UNITED STATES OF AMERICA was appointed to this case by THE ATTORNEY GENERAL of THE UNITED STATES OF AMERICA to perform administrative tasks, including but not limited to, 1) Examine proof of claim. 2) Examine debtors financial affairs. 3) Furnish information to interested parties. 4) opposing discharges 5) to enforce the rights of the estate 6) to participate in litigation involving the estates interests. To prevent alleged creditors from undermining a discharge, THE UNITED STATES OF AMERICA bankruptcy code and public policy, impose strict procedures for securing any alleged claims or charges against a debtor. Charge defined: Blacks law 9th edition- to impose a lien or claim. To demand a fee, to Bill.

A charge under the U.S.C and BAPCPA is considered to be an alleged claim, which would incur a cost, specifying a dollar amount or debt. All public and private debt is dischargeable via Public policy 73-10. This Public policy is an actual Indemnity Bond indemnifying liability (see docket # 189 substitutes property as being held as security). Congress itself created both public and private rights and the Bankruptcy court is empowered to make a final judgment in matters concerning those rights Under subsection 727(b). Chapter 7 discharge covers All prepetition debts and charges as well as postpetition claims treated as prepetition debts. These debts, charges and claims are discharged whether or not they were proved or allowed. The demandant, claimant Alfred Robert Gerebizza's (Secured Party) entitled right to discharge

8-30

is therfore, pre qualified acting on behalf of the debtor entity ALFRED GEREBIZZA

It is an established fact, that THE UNITED STATES trustee is the central figure in a bankruptcy case, whose role encompasses not only management of the estate, but extensive power to investigate the debtors affairs. THE UNITED STATES OF AMERICA, ATTORNEY GENERAL, Eric Holder junior, (supreme attorney for the plaintiff) under 28 USC 586(d) is required to prescribe All qualifications for THE UNITED STATES trustee, in order to insure the trustee's competency, accuracy and efficiency.

The alleged prosecutor, Madeleine Murphy, who is also subject to qualifications and rules by the ATTORNEY GENERAL, Eric Holder junior, in case number 10 cr 651 2 , also employed and representing THE UNITED STATES OF AMERICA, alleges that her employer is a damaged victim with a unsecured, contingent claim or charge. As an agent, officer, employee of the same entity as U.S. Trustee, Michael R Bakst, Madeleine Murphy had a duty and obligation to know, perform, contest or file a claim or to even protest the petition for bankruptcy according to bankruptcy guidelines under BAPCPA. Madeleine Murphy in her alleged TRUE BILL 10 cr 651 2 , alleges, without supporting affidavit, grand jury records, and without her's or any other sworn wet ink signature, that certain charges or claims, loss, damages may have arisen or occurred from 2004-2009 indebting ALFRED GEREBIZZA. Those allegations during that time period would have made the charges contingent on proof of claim and against the prepetition estate. In fact, Madeleine Murphy understands, that her alleged contingent claim under "the

reasonable contemplation test", could only arise when she
became reasonably aware and coud fairly have contemplated,
that her allegations may have occured. In this matter it would
have been well past 2010 or post petition, extinguishing any
possibility of liability against the nonbankruptcy estate of
ALFRED GEREBIZZA.

The court has to decide on the probability of the alleged
event even occuring, supported by testimony on the debt. Under
the "accrued state law" test, the crucial question is when the
cause of action accrued under nonbankruptcy law. Under the
"prepetition relationship" test the contingent liability is
only a claim if there was an identifiable prepetition
relationship between the claimant and the debtor, either
because they had a contract or were in some other form of
privity, or because the claimant had already been exposed to
tortious conduct by the debtor before the filings. To this
date, No agent, officer, employee of THE UNITED STATES OF
AMERICA has testified or produced any contract, promise,
valuable consideration or investment of funds, supporting a
probability of loss, damages, or tortious conduct suffered by
THE UNITED STATES OF AMERICA allegedly caused by ALFRED
GEREBIZZA.

When a determination of nondischargability is required,
the alleged creditor, plaintiff, loses the right to exclude
the debt from the discharge if the matter is not brought
before the court for determination in time. The alleged
creditor, plaintiff, THE UNITED STATES OF AMERICA, Madeleine
Murphy, its agents, officers, employees lack of fiduciary
responsibility to make a timely application for

dischargeability determination, presupposes that they knew or should have known of the bankruptcy petition and choose to ignore their duty. The alleged prosecutor voluntarily forfeited her obligation to state a claim, because she knew she lacked and had No proof of claim. The Fair Debt Collection Practices Act (FDCPA) codified at 15USC 1692 stipulates that a debt collector or alleged creditor, governmental unit, must validate an alleged debt by affidavit, oath or deposition and cease all collection activity until validation is provided. A debt collector or alleged creditor must swear true, correct and complete that an exchange of valuable consideration has occurred that allows him to demand payment. No exchange of valuable consideration has occurred between ALFRED GEREBIZZA and THE UNITED STATES OF AMERICA.

No sworn affidavit of claim by the alleged plaintiff or alleged prosecutor in case 10 cr 651 2, supporting a meritorious cause of action with the name ALFRED GEREBIZZA or Alfred Robert Gerebizza written down and sworn under penalties of perjury has been produced or presented. No exchange of valuable consideration has occurred.

Alleged prosecutor Madeleine Murphy initiated the alleged TRUE BILL case 10 cr 651 2, after FINAL JUDGMENT by U.S. Federal judge Harry D Leinenweber December 9, 2010 in case 10 cv 03758 and after the order for relief was granted on January 5, 2010 by THE UNITED STATES OF AMERICA, FEDERAL BANKRUPTCY COURT, Southern District of Florida. The alleged TRUE BILL violates the Bankruptcy courts injunction and prohibition and alleges charges against the new estate which was formed after January 5, 2010. In reality, the new estate could never have

11 : 30

been a party to any allegations in the alleged TRUE BILL, because the alleged cause of action allegedly occured from 2004-2010, prior to formation and against the old liquidated estate. Eric Holder junior, Natalie Reda, William Saylor junior, Michael R Bakst, and other agents, officers and employees of the alleged plaintiff, THE UNITED STATES OF AMERICA, the very same plaintiff that employees this court and Madeleine Murphy, all concur, that ALFRED GEREBIZZA, Alfred Ro bert Gerebizza was not a party to the alleged cause of action or DANIEL SPITZERS and his investors business affairs in this matter. Judge Harry D Leinenweber in case 10 cv 03758 established liabilty against DANIEL SPITZER, Daniel Spitzer, KENZIE FUNDS collectively, and KENZIE FINANCIAL MANAGEMENT, DRASEENA FUNDS et al by entering FINAL JUDGMENT ORDER on 12-9-2010.

Regardless of these facts, Madeleine Murphy through the use of coercion and fraud, had hoped, that by the use of tortious tactics, she would be able to enjoin and put pressure on the demandant to pay a debt or some type of restitution without her establishing proof of claim. Where debt collection motives of a negotiable instrument (alleged TRUE BILL)are intertwined in the alleged criminal case, some courts will examine the motive of the alleged prosecution. The Bankruptcy code has a strict principle, that a lien cannot exist in the abstract, it must secure a debt. The unlawful prejudgment attachment, involuntary detainment of the physical, flesh and blood, Alfred Robert Gerebizza, violates public policy and violates the Exemptions from levy provided by THE UNITED STATES CONGRESS, public policy 73-10 and HJR 192 of 1933. It

12-30

is hereby stated as fact, that I, Alfred Robert Gerebizza, do
Not voluntarily consent to forced conversion, incarceration or
detainment as collateral under any circumstance, and any
presumptions or quasi alleged agreements or memorandums of
alleged agreement are Void, ab initio. A True and Correct copy
attached hereto (EXHIBIT F)

Section 106 of the Bankruptcy code covers several distinct
situations. Subsection 106(a) seeks to abrogate the sovereign
immunity of governmental units, making them subject to the
bankruptcy process, where they have claims against the debtor
or the estate has claims against them. A governmental unit is
widely defined in 101(27) to include a variety of foreign and
domestic governmental entities. It encompasses both the
FEDERAL and STATE governments, including their agencies and
departments. In addition, 106(c) provides for the entitlement
and right to "setoff of claims" by and against governmental
units.

Rule 4004 under Chapter 7 bankruptcy procedures, requires
objections to the discharge to be filed within 60 days of the
creditors meeting. If an objection is filed or their is a
motion pending to dismiss the case for abuse, the discharge is
granted only after the court hears the matter and determines
the debtors right to discharge. Generally speaking these would
have to be grounds relating to fraud or intentional wrongs. No
objection or protest, claim or charge was filed by Madeleine
Murphy, the I.R.S., or the U.S.P.S. on behalf of THE UNITED
STATES OF AMERICA or by any other agency or governmental unit,
agent, officer,employee of THE UNITED STATES OF AMERICA in
case number 09 26632 PGH in the Southern District of Florida

FEDERAL COURT..

By not protesting the bankruptcy petition, Madeleine
Murphy and THE UNITED STATES OF AMERICA, have voluntarily
consented and agreed, that they are not a party of interest
and in fact, do not and did not have any alleged charges or
claims. They voluntarily abandoned their opportunity to
contest or protest the petition. No grounds for denial of
discharge were found before or after the examination at the
meeting of creditors September 15, 2009 and the Order for
Relief was granted through the legislation and body of law of
THE UNITED STATES OF AMERICA, Madeleien Murphys employer. The
chapter 7 discharge thereby creating a permanent prohibition
and exemption as well as a new estate January 5,2010. The
alleged TRUE BILL was filed on September 28,2011 which alleges
charges from 2004-2009 placing them under the jurisdiction of
the old estate. The alleged TRUE BILL is in fact filed against
the New Estate, which did not exist prior to January 5, 2010
making the alleged TRUE BILL VOID. Madeleine Murphy belies her
allegations by filing a superseding indictment, without
supporting affidavit, knowingly and willingly, undermining and
violating the prohibition and injunction created by the
discharge and THE UNITED STATES OF AMERICA FEDERAL Courts
Order and attacking the debtors ability and right to a Fresh
Start Policy. She also violates the FINAL ORDER ofjudge Harry
D Leinenweber, establishing all liabilty to Daniel Spitzer.

THE UNITED STATES FEDERAL BANKRUPTCY courts have full
plenary jurisdiction. The Public and Private Right to
Exemptions, take precedence over any judicial liens or
judgments. This court understands and recognizes that fact.

14-30

Therefore, the notion that a bankrupt debtor should be given a fresh start, instead of being subjected to penury, is firmly established in modern law and is a central policy of bankruptcy. It is intended to serve not only the interests of the debtor, but also the public good. A rehabitated individual debtor may become self sufficient once again rather than a Public Charge.

Under subsection 522, the body of the demandant, Alfred Robert Gerebizza, being held in custodia legis at the F.B.O.P. METROPLOITAN CORRECTION CENTER CHICAGO, qualifies as a "tool of trade", since he uses his body to earn his livelihood. The respondents alleged claim and prejudgment body attachment, detention have impaired the demandants reputation, livelihood and right to exemption. Public policy provided by Congress, guarantees the right for demandants body, property, to be exempt from levy, detainment, attachment and in custodia legis. Congress"s determination that these types of implied security interests are predatory and SHOULD NOT BE PERMITTED to undermine the debtors Exemption and rights to Avoidance. Alfred Robert Gerebizza did not provide for any consensual lien on his property, his body, and any presumptions to such, are hereby VOID, ab initio.

Subsection 541(a) states that a new estate is created by the commencement of the bankruptcy case. The bankruptcy estate is a New Legal Entity seperate from the debtor. Neither THE UNITED STATES OF AMERICA, D.O.J., DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE, nor THE UNITED STATES POSTAL SERVICE responded to the NOTICE OF DEADLINE TO FILE CLAIMS. Order for Relief was granted on January 5, 2010. The injunction created

by the discharge under section 524, precludes any further
enforcement action by governmental units or creditors and they
CANNOT commence proceedings in another court or jurisdiction.
Madeleine Murphys disingenuous superseding indictment against
ALFRED GEREBIZZA undermines and violates this law and the very
laws she has sworn to uphold under oath. She even challenges
the expertise and efficiencies of her authorities and fellow
co-workers, Attorney General, Eric Holder junior, U.S.P.S.
Natalie Reda, S.E.C. William Saylor junior, Natalie G Garner,
James G Lundy, Andrew P O'brien and U.S. Tustee Michael R
Bakst, alleging that they are incompetent at there
professions. As a matter of law, Madeleine Murphy would have
had to file Notice of contingent claim against the old estate
prior to January 5, 2010. She in fact, did not, making the
charges in the alleged TRUE BILL invalid, unsubstantiated,
unsigned, Not supported by affidavit, erroneous, void, and
without cause or effect.


Ground Four:    In THE UNITED STATES OF AMERICA, State of
Illinois, Appellate Court, Second District, case 2-09-1039.
This UNITED STATES Appellate court firmly upheld the
Bankruptcy courts, Chapter 7 Order for Relief and the right to
exemption and discharge, by vacating All orders and judgment
of the Circuit court of Lake county Illinos. A True and
Correct copy attached hereto (EXHIBIT J)


Ground Five:    Case number 10 cv 3051 GOLDMAN V SPITZER et
al, names ALFRED GEREBIZZA as an alleged defendant. This case
is also in the same ,THE UNITED STATES, NORTHERN ILLINOIS,

EASTERN DIVISION court as case 10 cr 651 2, 219 South
Dearborn, Chicago where the alleged TRUE BILL of Madelein
Murphy resides. The parties in GOLDMAN v SPITZER have
voluntarily consented and publicly admitted, accepted on the
record, that No judgement has or can be ordered because of the
potential issues and restrictions presented by the Order for
Relief containing the permanent prohibition brought forth by
the Chapter 7 bankruptcy discharge of the demandant, case
number 09 26632 PGH, mentioned above. A True and Correct copy
attached hereto (EXHIBIT G). This same UNITED STATES OF
AMERICA, NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION court
has upheld and affirmed the Chapter 7 Order for Relief .

Ground Six:    Service was made on the respondents THE UNITED
STATES OF AMERICA c/o Eric H Holder Junior, 950 Pennsylvania
Avenue, N.W. Washington D.C. by registered mail no. RE 261 089
608 US. Articles included Certificate of Settlement Agreement
and Affidavit of Fact. A True and Correct copy attached hereto
(EXHIBIT I)

Ground Seven:    The alleged indictment, alleged TRUE BILL in
case number 10 cr 651 2 is also known as a Draft, Bill of
Exchange defined in Blacks Law 9th edition as an unconditional
written order signed by one individual (drawer) directing
another individual (drawee) to pay a certain amount sum of
money on demand or at a definite time to a third individual
(the payee) or bearer.

A presentment, indictment, alleged TRUE BILL, negotiable
instrument, such as the one in case 10 cr 651 2 is governed by

17-30

the Negotiable Instrument Act and the Uniform Commercial Code.
It is an offer or bid, put forward to payment or acceptance
for discharge. Refusing an offer creates a controversy that
puts the refuser in default, making him liable for the
presentment value himself, instead of being the maker or
accepter of the offer.

The alleged indictment, draft, TRUE BILL in case 10 cr 651
2 in THE UNITED STATES FEDERAL COURT, NORTHERN ILLINOIS,
EASTERN DIVISION, has in Good Faith been accepted for value
and discharged. A True and correct copy attached hereto. (see
EXHIBIT H) Fully endorsed with blue ink signature, front and
back and deposited, along with reporting requirement form
1099-A, provided by the I.R.S. "Cancellation of Debt".
addressed and mailed to THE UNITED STATES TREASURY, INTERNAL
REVENUE SERVICE, 1500 Pennsylvania avenue N.W. Washington D.C.
for settlement and closure and for further payment to THE
UNITED STATES FEDERAL DISTRICT COURT via Certified, Registered
UNITED STATES POSTAL SERVICE mail number 7013 1710 9528 7507.

The Full Satisfaction and Accord of the charging
instrument, the alleged TRUE BILL, has been setoff, tendered
and negotiated to THE UNITED STATES OF AMERICA under Title 18
USC section 8, representing as the definition provides " a
certificate of indebtness drawn upon an officer of THE UNITED
STATES OF AMERICA ( SECRETARY OF THE TREASURY Jack Lew). "
Issued under an Act of Congress" in this case Public Law 73-
10, House Joint Resolution 192 of 1933, Title 31 USC 3123 and
Title 31 USC 5103, U.C.C.10-104, U.C.C. 1-104. All
indemnifying and providing discharge of Public and Private
debt. In Good Faith (EXHIBIT H), a True and Correct copy

18-30

attached hereto, evidences the Notice of Agreement with THE UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY AND THE INTERNAL REVENUE SERVICE, which also serves as receipt of payment and security interest, for the setoff and settlement, closure, balancing and zeroing of the liabilty in account 10 cr 651 2 which is a FULL EXTINGUISHMENT of any unpaid balance of the alleged claim or debt. THE DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE general instructions 1099-A states, " a debt is deemed cancelled on the date an identifiable event occurs'. A cancellation or extinguishment making the debt unenforceable in a receivership, foreclosure, or similar federal nonbankruptcy or state court proceeding. A Uniform Commercial Code 11 search via THE SECRETARY OF STATE's website clearly shows there are NO outstanding charges, debts or claims in 10 cr 651 2 or in this matter.

NO Notice of Dishonor or Notice of deficiencies or 90 day Notice has been received by the demandant, claimant, from any agent, officer, employee, court or governmental unit agency of THE UNITED STATES OF AMERICA, SECRETARY OF THE TREASURY, DEPARTMENT OF JUSTICE, or INTERNAL REVENUE SERVICE. The alleged plaintiff, THE UNITED STATES OF AMERICA, has full satisfaction and accord and affirms ALFRED GEREBIZZA, Alfred Robert Gerebizza Entitled right to the Exemption and discharge.

## Demand for Relief

The alleged Case 10 cr 651 2 is a claim without basis for the facts and lawful reasons stated above. The record of the

19-30

demandant remains unrebutted and stands as absolutely true and correct, making the demandants record the law of the case. The alleged prosecutor Madeleine Murphy is disingenuous and misleading in her allegations of charges and she has been remiss in providing proof of claim on behalf of the alleged plaintiff, THE UNITED STATES OF AMERICA, which as a matter of law, has No right of action against ALFRED GEREBIZZA. Presumably, on a false and misleading incomplete story, this court mistakenly entered a superseding indictment, alleged TRUE BILL against ALFRED GEREBIZZA. Although providing No evidence, complaint or supporting affidavit of probable cause with the name ALFRED GEREBIZZA, the alleged TRUE BILL asserts that the alleged debtor ALFRED GEREBIZZA had knowledge of DANIEL SPITZERS business affairs, when in fact he did not. Seventh District Federal Judge Harry D Leinenweber has already determined liabilty in this matter. The alleged TRUE BILL contradicts the filed complaint sworn to by Natalie Reda and William Saylor junior and others.

In example: In the alleged TRUE BILL

Paragraph 1.b- affirms REDA's affidavit, and states that DANIEL SPITZER controlled twelve investment funds singlehandedly, Not ALFRED GEREBIZZA

Paragraph 12- affirms REDA's affidavit and states that DANIEL SPITZER provided and CAUSED to be provided quarterly financial data and annual statements. Not ALFRED GEREBIZZA

Paragraph 13- affirms REDA's affidavit and states, DANIEL SPITZER falsely told investors the funds were safe. Not ALFRED GEREBIZZA

Paragraph 16-contradicts REDA's affidavit, REDA identifies

investor A who is also investor AD in the alleged TRUE BILL.
A's sworn affidavit to the S.E.C. never mentions ALFRED
GEREBIZZA only DANIEL SPITZER.

Paragraph 17-Investor WG is actually investor B in REDA's
Affidavit. REDA states that $1.5 M of B's money was mailed to
SPITZER's office and later deposited in WACHOVIA Bank by
SPITZER. SPITZER was the sole signatory, manager and solely
responsable for moving All monies from WACHOVIA to various
KENZIE Funds. Not ALFRED GEREBIZZA

Each and every paragraph of the alleged TRUE BILL
contradicts the sworn affidavit of Natalie Reda and William
Saylor junior as well as judge Harry D leinenwebers judgment
order. Madeleine Murphy manipulated the facts on Natalie
Reda's filed complaint hoping to "pad the Bill", mislead and
misdirect the court, as to the True Cause and Nature of the
complaint. The alleged TRUE BILL attempts to enjoin ALFRED
GEREBIZZA, with the actions and conduct of DANIEL SPITZER,
whereas in Fact, ALFRED GEREBIZZA lacked any knowledge, of
investor information, transactions or activities performed by
DANIEL SPITZER or any of his entities, employees or
associates. The SPECIAL MARCH 2010 GRAND JURY did Not charge
ALFRED GEREBIZZA, only DANIEL SPITZER.

All investors that dealt with DANIEL SPITZER or any of his
KENZIE FUNDS collectively, during this alleged time of
occurence, attested, voluntarily and consensually that they
were safisticated accredited investors with a net worth of $1m
or more thereby, contracting via Private Placement Memorandums
and Blue Sky registrations created and filed by John Waters
and Lee Levin of KAMENSKY, RUBINSTEIN, HOCHMAN, DELOTTE.

Pursuant to those actions, they were in fact, contracting with DANIEL SPITZER, DRASEENA and KENZIE Funds collectively. Investigations and affidavits of Natalie Reda, William Saylor junior, agents Natalie Garner, James Lundy, Andrew "Obrien, All representing THE UNITED STATES, do not assert that ALFRED GEREBIZZA, distributed any marketing materials or PPM's to investors or that he ever gave DANIEL SPITZER or any of his employees, agents, associates or entities, his express written consent or authority to use his name or any derivatives thereof, in any capacity. The investigations, audits and research performed by agents, officers, employees of THE UNITED STATES OF AMERICA, U.S. Trustee Michael R Bakst, U.S. Postal Inspector Natalie Reda, U.S. SECURITIES AND EXCHANGE COMMISSION Staff forensic accounting expert William Saylor junior, KAMENSKY, RUBENSTEIN, HOCHMAN, and DELOTTE and other law enforcement personnel, all independently came to the same conclusion. That there was Not and is Not, any fact that ALFRED GEREBIZZA had access or knowledge to the interests, actions or conduct of DANIEL SPITZER, collectively KENZIE FUNDS, DRASEENA FUNDS or its investors, No contracts with valuable consideration or promise exist with ALFRED GEREBIZZA and the above mentioned, including but not limited to, entities, investors, KENZIE FUNDS collectively, DRASEENA, ANEESARD, WACHOVIA, DANIEL SPITZER, NERIUM, and THE UNITED STATES OF AMERICA. Natalie Reda and William Saylor Junior both FEDERAL agents, further stated in their sworn affidavits that DANIEL SPITZER was solely responsible for CAUSING to be MAILED, false and misleading statements, K-1's and Private placement memorandum using THE UNITED STATES MAIL SERVICE and

by the use of his U.S.P.S. postal metering device registered
to him in his Clearwater Florida office. Furthermore, Natalie
Reda in her affidavit interviewed the accountant that prepared
tax returns for the funds from 2002-2008. He obtained all
information from the office manger Tracey Lynn Kammeyer Fly,
Certified Public Accountant and DANIEL SPITZER. Not ALFRED
GEREBIZZA. The same affidavit states that all investors
interviewed by Reda, spoke with and dealt with DANIEL SPITZER.


UNITED STATES Trustee, Michael R Bakst and THE UNITED
STATES FEDERAL court, after extensive research and
investigation, found NO suggestions of misconduct, or
indication that ALFRED GEREBIZZA had any ownership interests
in any of the KENZIE FUNDS or DANIEL SPITZERS interests. The
firm of KAMENSKY, RUBINSTEIN, HOCHMANN and DELOTTE through and
by there attorneys Michael Brohman and Stuart Gimbel in
February 2006, Lake county Illinois case 01 D 86, also attest
to the fact that ALFRED GEREBIZZA and DANIEL SPITZER parted
there business dealings many years beyond the statutory period
for filing a charge or claim in case 10 cr 651 2. This same
law firm responsable for creating and filing offering
documents for Daniel Spitzer, DRASEENA and the KENZIE funds
collectively, in those very documents state, Kenzie Services
is the sole investment manager and DANIEL SPITZER is the sole
investment manager. NO voluntary,consensual contracts,
valuable consideration, ownership interests, membership
interests, limited partnership interests or promises exists
between ALFRED GEREBIZZA and DANIEL SPITZER, KENZIE FUNDS
collectively, DRASEENA or any of the funds and investors after

the year 2000. THE UNITED STATES OF AMERICA agents, officers, employees, investigators, affirm this fact as stated above, as well as 12 other independent sources.

The U.S.P.S. per agent Natalie Reda filed a complaint against DANIEL SPITZER not ALFRED GEREBIZZA. The S.E.C. filed a complaint against DANIEL SPITZER et al, not ALFRED GEREBIZZA. In addition to the above allegations, The Articles of Incorporation for A.R.G. MANAGEMENT fully indemnify ALfred Robert Gerebizza from liabilities and suretyship concerning A.R.G. MANAGEMENT. The filings and returns filed on behalf of A.R.G. MANAGEMENT, with the use of ADP tax services, prepared by C.P.A. Michael Weisberg since inception, are uncontested by the INTERNAL REVENUE SERVICE and THE DEPARTMENT OF THE TREASURY.

In summary, as a result of Madeleine Murphy's misleading and false representation and omission of facts, her attempt to enjoin ALFRED GEREBIZZA in the alleged TRUE BILL in 10 cr 651 2, lacks name and signature of the maker, and also lacks supporting affidavit af facts, which is a Defect in Formation. This defect makes the instrument illegal and unconscionable an d nothing more than a gross fabrication of allegations and stories, as an unwarranted desperate attempt at securing a claim, without basis, by using constructive fraud to unlawfully detain, encumber and arrest the flesh and blood Alfred Robert Gerebizza without voluntary consent, and by the use of coercion, undue influence and duress. THE UNITED STATES OF AMERICA has never had a vested interest of $34 million as alleged in 10 cr 651 2, or suffered any monetary loss or damage from ALFRED GEREBIZZA or any of his business affairs

24.30

and has no right of action. THE UNITED STATES OF AMERICA and

Madeleine Murphy, has not and cannot establish that they are

an injured party or suffered any monetary loss, by ALFRED

GEREBIZZA, Alfred Robert Gerebizza, especially when its own

officers attest, and affirm under oath to the contrary! The

facts provided by agents of THE UNITED STATES OF AMERICA, DO

NOT SUPPORT Madeleine Murphys alleged claims, and or charges.

In fact, she seeks to undermine the authority of other Federal

courts and her fellow agents, officers and employees of THE

UNITED STATES OF AMERICA. For all practical and lawful

purposes, alleged case 10 cr 651 2 is an over zealous conduct

of Fraud and Fraud on the court by attempting to force a

liability onto an individual, for her own personal gain.

Madeleine Murphy as a public servant, is sworn under oath to

uphold the publics interest, not her own. In Fact, her

dishonest behavior has coused irreparable harm to Alfred

Robert Gerebizza and his family, undue hardship, by becoming

financially destitute, and severely, physically and

emotionally damaged. Her wrongful conduct has Hindered the

very nature of  the Fresh Start policy and Exemptions, enacted

by Congress as a remedy, in Bankruptcy, assuring the debtor

against such unconscionable conduct by an alleged plaintiff,

creditor, or governmental unit thereby abrogating immunity of

the governmental unit under subsection 106 of the Bankruptcy

code. Furthermore, the Chapter 7 Bankruptcy liquidation in THE

UNITED STATES DISTRICT COURT Southern Florida, listed above,

was the appropriate, lawful forum for Madeleine Murphy,

Natalie Reda or any other agent, officer, employee of THE

UNITED STATES OF AMERICA, to file a claim or charge on behalf

of their employer. Subsection 106(a)(2) authorizes the court

to hear and determine any issue involving a governmental unit

and permits orders and judgments against a governmental unit.

Subsection 522(f) also permits the avoidance of such charges

to the extent necessary to preserve the exemption. Madeleine

Murphy knew of this protocol in bankruptcy and intentionaly

violated it. Her misconduct thereby admits, by not protesting

the petition for bankruptcy at the appropriate time, that she

knew and was aware that ALFRED GEREBIZZA was financially over

burdened and not a party to DANIEL SPITZERS actions or

business affairs and that the I.R.S. was not alleging any

outstanding taxes or wrongful conduct. In addition, Madeleine

Murphy had already stipulated to the facts in Natalie Reda's

and William Saylor juniors affidavits as well as the judgment

in the S.E.C. case against SPITZER. If Madeleine Murphys

intentional misconduct and violation of fiduciary duty were to

be honored, what would stop McDONALDS, SEARS, WALMART, T.J.

MAX, MACYS or any other corporate entity or employee from

frivolously filing complaints alleging that an individual was

to be held as surety, liable for an unsecured claim without

supporting affidavits, facts or contracts thereby undermining

the uniform Bankruptcy Code and Exemptions provided by

Congress as well as Constitutional safeguards. Clearly,

Madeleine Murphy has exceeded the scope of her authority by

commiting wrongful enjoinder and Fraud on the court.

The very individual that brought the complaint in 10 cr

651, Natalie Reda, does Not even support Madeleine Murphys

allegations or claims of mail fraud, charging ALFRED GEREBIZZA

nor does any other agent, officer, employee of THE UNITED

STATES OF AMERICA. It is a proven Fact, that the other Federal courts, State jurisdictions, cases, and judicial decisions presented above, make the charges Invalid, in alleged case 10 cr 651 2, as well as, res judicata and stare decisis, Void, without cause or effect, barring any further action, NUNC PRO TUNC.

WHEREFORE, in Good Faith, the respondents were served The Confirmation of Agreement with supporting affidavits on September 10,2013 via U.S.P.S registered mail no.7006 0100 0000 9916 9079. The hearing held on October 2, 2013 in THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION FEDERAL court, 219 South Dearborn Chicago, in which, Madeleine Murphy, alleged prosecutor, nor any other party, contested or rebutted The Confirmation of Agreement. There were No Objections to the relief sought after in the document or for the issuance of a Writ. Thereby, the parties have voluntarily and knowingly "consented to judgment" that the Confirmation of Agreement, Summary Judgment, along with supporting affidavits is a final determination in this matter and full acceptance and accord. On October 22, 2013 respondents were served with Notice of Default giving a reasonable response time and opportunity to cure, via U.S.P.S. registered mail no. 7013 1710 0001 9528 5039. Furthermore, The Acceptance and Discharge of the alleged TRUE BILL, deposited with THE UNITED STATES TREASURY , INTERNA L REVEUE SERVICE in case 10 cr 651 2 as well as, these instructions to unseal the IDEMNITY BOND (Docket number 189) by this court and to issue Writ for immediate discharge of the flesh and blood Alfred Robert Gerebizza inventory number 63188019, from the F.B.O.P. METROPLOITAN CORRECTION CENTER

CHICAGO. In conclusion, the alleged TRUE BILL has been fully discharged, thereby extinguishing the debt and all alleged liability of the alleged debtor ALFRED GEREBIZZA in this matter, case number 10 cr 651 2, including but not limited to, all taxes, liens, and levies on collateral, registered and unregistered. NO Notice, protest or objection to the discharge, setoff, settlement and closure of 10 cr 651 2, has been recorded or received by the claimant, demandant Alfred Robert Gerebizza, Secured Party from any agent, officer, employee of THE UNITED STATES OF AMERICA. No power of attorney or authority, has been granted to anyone, to compel, adjudicate or issue judgment on any of the real personal, commercial or intellectual property of Alfred Robert Gerebizza. The uncontested , unrebutted record of the Secured Party, Alfred Robert Gerebizza is the law of the case, implied in fact and expressed establishing the Rights, Exemptions, Lif e and Liberty to his own body, properties, titles and overdue and owing balances including interest, by the respondents.

That, this court understands it must give Full Faith and Credit to the entitled Exemptions and Rights provided by Congress and The Constitution, as well as the judgments of other UNITED STATES OF AMERICA Federal courts and it's duty to issue a Writ in favor of Alfred Robert Gerebizza to enforce the agreements between the parties and to honor and perform the following:

That I Alfred Robert Gerebizza does Not consent to detainment, incarceration and respectfully requests the order of the court (The Performance Bond in this matter) along with any commitment documents, be released to me, Alfred Robert

Gerebizza immediately and for the immediate entitled right to dismissal of case 10 cr 651 2 "with prejudice" and without recourse. No controversy exists. It is further affirmed, that I did not voluntarily consent, or Forfeit or relinquish, any title or rights , interest in property, real and personal or to my physical body, to anyone or any "thing", corporate entity. That my physical body is Not pledged as surety, prejudgment attachment or collateral for an alleged charge or claim. I therefore, respectfully demand my right to claim my own flesh and blood body to be immediately discharged, set to Liberty and delivered from c/o S.M.KUTA at the F.B.O.P. METROPOLITAN CORRECTION CENTER, CHICAGO, 71 West Van Buren, Chicago Illinois, without delay to be set to immediate liberty. This document along with Demandants record, has factually provided the equittable remedy and efficient administration of this matter resolving the allegations in 10 cr 651 2. In Good Faith I certify the accuracy of this document and it constitutes an assertion, that the document is filed in Good Faith and not for abusive purposes, and foregoing is True and Correct and not misleading. The Secured Party, Alfred Robert Gerebizza reserves All Rights against the Debtors, Respondents. Any protest, or objection to relief by Respondents must be received within 72 hours of receipt of this document and must be responded to, point by point sworn under penalties of perjury.

Without Prejudice U.C.C. 1-308

29-30

Without Prejudice U.C.C. 1-308

By: _[signature]_

Claimant, Demandant, Secured Party, Beneficiary

ALFRED GEREBIZZA

_[signature]_

Witness    CHRISTOPHER A. KICE  1-10-2014

_[signature]_

Witness    HUMSCARCUEVAS  1-10-2014

NICOLE PERRY
Notary Public - Arizona
Maricopa County
My Comm. Expires Oct 6, 2016

January 7, 2014

30-30

Certificate of Service

Case no.10 cr 651 2


This is to Certify, that I Alfred Robert Gerebizza, have sent through THE UNITED STATES mail service on January 13, 2014 a duly verified Writ of Replevin / Claim and Delivery 30 pages, with EXHIBITS A-J to the following respondents:

1.) James B Zagel c/o Clerk of the Court

219 South Dearborn Chicago Illinois [60604]

2.) Madeleine Murphy

219 South Dearborn, Chicago, Illinois [60604]

3.) S.M. Kuta

c/o F.B.O.P. METROPOLITAN CORRECTION CENTER CHICAGO

71 West Van Buren, Chicago Illinois [60605]

4.) Paul Camarena

500 South Clinton, Chicago Illinois [60604]


Without Prejudice U.C.C.1-308


By:, _[signature]_

Claimant, Secured Party

ALFRED GEREBIZZA


1-30



# State of Florida

## Department of State

I certify that the attached is a true and correct copy of the Application For Registration of Fictitious Name of ALFRED GEREBIZZA, registered with the Department of State on September 20, 2013, as shown by the records of this office.

The Registration Number of this Fictitious Name is G13000093206.

Given under my hand and the Great Seal of the State of Florida at Tallahassee, the Capital, this the Eleventh day of October, 2013



Ken Detzner
Secretary of State

CR2EO22 (1-11)

EXHIBIT A

CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

| | | |
|---|---|---|
| SHIRLEY GEREBIZZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.   01 D 86 |
| | ) | |
| ALFRED GEREBIZZA, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO DISSOLVE PRELIMINARY INJUNCTION ORDER

The Conservium Fund, LLC ("Conservium"), Three Oaks Fund 25, LLC ("Three Oaks 25"), Three Oaks Senior Strength Fund, LLC ("Three Oaks Senior"), Senior Strength-Q Fund, LLC ("Senior Strength-Q"), Three Oaks Advanced Fund, LLC ("Three Oaks Advanced"), Three Oaks Fund LP ("Three Oaks L.P."), Three Oaks Currency Fund, LP ("Three Oaks Currency") and Nerium Currency Fund, LP ("Nerium")(collectively, the "Funds"), by their attorneys, Kamensky Rubinstein Hochman & Delott, LLP, move this Court, pursuant to Section 11-108 of the Illinois Code of Civil Procedure, to dissolve the Preliminary Injunction Order or Temporary Restraining Order entered by this Court in the above-captioned cause on or about February 21, 2006, restraining and enjoining any transactions from being made with respect to certain designated accounts of the Funds which are being administered by Harris Bank. In support of this motion, the Funds state as follows:

1.    Conservium, Three Oaks 25, Three Oaks Senior, Senior Strength-Q and Three Oaks Advanced are all Nevada limited liability companies doing business in Stateline, Nevada. Three Oaks LP, Three Oaks Currency and Nerium are all Nevada limited partnerships doing business in Stateline, Nevada.

EXHIBIT B-1

2.     The Funds are all private investment funds, which means that each fund separately pools the contributions of its numerous investors and makes investments in a variety of areas.

3.     To cover their administrative costs and to hold available investor funds or investment returns prior to reinvestment, the Funds all maintain accounts at Harris Bank: Conservium is under account No. 0700144754; Three Oaks 25 is under account No. 721011509; Three Oaks Senior is under account No. 0700144630; Senior Strength-Q is under account No. 0700144762; Three Oaks Advanced is under account No. 700141488; Three Oaks L.P. is under account No. 700139106; Three Oaks Currency is under account No. 700135747; and Nerium is under account No. 700136603 (collectively, the "Fund Accounts"). The Fund Accounts are the property of the numerous private investors in the Funds.

4.     The name of defendant Alfred Gerebizza ("Gerebizza") does not appear on any of the Funds' K-1 reports, and there do not appear to be any investments, cash or assets of any of the Fund Accounts which are in the name of Gerebizza. See Affidavit of Rich Yasak, ¶ s 5 and 6, a true and correct copy of which is attached hereto as Exhibit A.

5.     Neither the Funds nor their numerous private investors are parties to this law suit. In addition, on or prior to February 21, 2006, neither the Funds nor their numerous private investors were served by Plaintiff with her Petition for Injunctive Relief. Thus, the Funds and their numerous private investors did not have notice that Plaintiff would be appearing before this Court on February 21 with the intent of attempting to freeze or enjoin transactions involving the investments, cash and assets which the private investors currently hold in the Fund Accounts.

2

6.    Because there are no investments, cash or assets in any of the Fund Accounts which are the property of Gerebizza, this Court obviously had no jurisdiction over the Funds. Nor did this Court have any authority to issue the injunctive relief sought by Plaintiff in her Petition, or any injunctive relief whatsoever which would serve to freeze or enjoin transactions involving the investments, cash and assets which non-party private investors currently hold in the Fund Accounts.

7.    Presumably based on a false, misleading or incomplete story provided by Plaintiff, on February 21, 2006, this Court mistakenly entered an injunction Order having the effect of freezing or enjoining transactions the cash and assets which only non-party private investors currently hold in the Fund Accounts (the "Order"). A true and correct copy of the Order is attached hereto as Exhibit B. Because none of the accounts affected by the Court's Order involves cash or assets owned by either Gerebizza, the Order should immediately be dissolved and no further injunction orders against the Fund Accounts should be entered.

8.    Unfortunately, unbeknownst to the Funds and their private investors, all the Court had before it on February 21 was Plaintiff's false and misleading Petition which sought to restrain and enjoin any transactions from being made from the Fund Accounts. A true and correct copy of the Petition is attached hereto as Exhibit C. The Petition alleges that Gerebizza, through Draseena Funds Group Corporation ("Draseena"), maintains ownership over the Fund Accounts. (Petition, ¶ 14). Although providing no evidence in support of that allegation, the Petition asserts that Gerebizza admitted his ownership of the Accounts by failing to respond to a Rule 216 Request to Admit that fact which was served in November, 2004. (Petition, ¶ 16).

The Request to Admit, which is attached to the Petition, does not refer to ownership, but merely states that in 2004, Gerebizza was an account holder for the Fund Accounts. (Petition, Ex. A).

9.      The Petition is false and misleading.  Gerebizza does not own any assets contained in the Fund Accounts.  Moreover, the funds in the Fund Accounts, although managed by the corporate entity Draseena, are not owned by Draseena or any of its officers or owners[1].  Instead, the Fund Accounts contain cash, investments and assets which are solely owned by and belong to their numerous non-party investors.

10.     In fact, there is no basis for Plaintiff's assumption that Gerebizza owns the Fund Accounts because each of the Accounts is owned by and held in the name of one of the Funds. Attached hereto as Exhibits D through K are account statements for each of the Accounts, which identify the name of the Fund in which each account is held.

11.     Plaintiff's own Petition even belies her allegations.  She acknowledges that Gerebizza is in the business of offering and selling private securities to independent investors, and even admits that there are at least 180 individual investors in Three Oaks LP alone. Petition, ¶s 3-8. Accordingly, it was entirely disingenuous of Plaintiff to argue that Gerebizza owned the Accounts, and the various investor assets maintained in the Accounts, when she knew that the Accounts were for investment funds which, at most, Gerebizza was involved in managing. Even accepting Plaintiff's allegations that Gerebizza was still involved in Draseena or the management of the Funds (which he was not), there is no basis for her allegation that investor funds in the Account somehow are owned by Gerebizza and subject to his personal disputes.  Indeed, it has

---

[1] Shirley argues that Alfred continues to maintain an ownership interest in Draseena as of January, 2006. (Petition, ¶ 13). Although the Funds dispute that point, since Gerebizza relinquished his ownership interest in Draseena long before 2006, that issue is not material to the impropriety of the Order.

been recognized that "merely having control over assets in an insufficient basis to support an injunction." *In re Marriage of Centioli*, 335 Ill.App.3d 650, 781 N.E.2d 611, 618 (1st Dist. 2002). The fact that Gerebizza allegedly admitted (by not answering a Request to Admit) that he owned the Fund Accounts, does not convert property which does not belong to him into his assets (just as failure to deny a request to admit would not make Gerebizza the owner of the Brooklyn Bridge if that was one of the facts requested).

12. Because the assets in the Fund Accounts are owned by their non-party investors, and not by Gerebizza, there is no basis for this Court to keep in force an Order which restrains and enjoins any transactions involving the Fund Accounts.

13. Moreover, the Order is, on its face, massively over broad and unduly burdensome. Section 501 of the Marriage and Dissolution Act ("Act"), under which the Petition is brought, specifically provides that preliminary injunctive relief may be order "restraining any person from transferring, encumbering, concealing or otherwise disposing of any property except in the usual course of business...and, if so restrained, requiring him to notify the moving party and his attorney of any proposed extraordinary expenditures made after the order is issued." 750 ILCS 5/501 (emphasis supplied). Because Plaintiff left out the emphasized language, the Order purports to prohibit any transactions out of the Accounts, even if required in the ordinary course of business. Such a preliminary injunction, which could have the effect of totally shutting down the Funds to the detriment of their private investors, is totally unwarranted under the Act.

11. In summary, as a result of the misrepresentations or omissions made by Plaintiff, this Court's overly broad and unwarranted Order has frozen assets which are not owned by Gerebizza, but instead are owned by numerous non-party private investors who are totally

5

unaware that their property is at risk. Such injunctive relief was entirely unwarranted and inappropriate as against the Funds or the Fund Accounts.

WHEREFORE, the Funds respectfully request that this Court, pursuant to Section 11-108 of the Illinois Code of Civil Procedure, 1) dissolve the Preliminary Injunction or Temporary Restraining Order entered in the above-captioned cause on or about February 21, 2006, 2) not issue any other Orders having the effect of restraining and enjoining any transactions with respect to the Fund Accounts, various bank accounts administered by Harris Bank, and 3) grant such other and further relief as this Court deems just in the premises.

Dated: March 6, 2006

Respectfully submitted,

THE CONSERVIUM FUNDS, LLC; THREE OAKS FUND 25, LLC; THREE OAKS SENIOR STRENGTH FUND, LLC; SENIOR STRENGTH-Q FUND, LLC; THREE OAKS ADVANCED FUND, LLC; THREE OAKS FUND, LP; THREE OAKS CURRENCY FUND, LP; and NERIUM CURRENCY FUND, LP

By:_____
        One of their Attorneys

Michael B. Brohman, Esq.
Stuart M. Gimbel, Esq.
Kamensky Rubinstein Hochman & Delott, LLP.
7250 N. Cicero Avenue, Suite 200
Lincolnwood, IL 60712
(847-982-1776)

6

*EXHIBIT*

*B-2*

**JOINT CONSENT**
**OF THE SOLE SHAREHOLDER AND SOLE DIRECTOR**
**OF**
**DRASEENA FUNDS GROUP, CORP.**
**IN LIEU OF SPECIAL MEETING**

The undersigned, being the sole Shareholder and Director of the above-captioned Illinois corporation

(the "Corporation"), acting pursuant to the applicable provisions of the Business Corporation Act of the State

of Illinois and to the applicable provisions of the By-Laws of the Corporation, does hereby authorize and

consent in lieu of special meeting to the adoption of the following resolutions:

**RESOLVED**, that the Corporation acknowledges and confirms that Alfred Robert
Gerebizza is not the Secretary or a Director of the Corporation;

**FURTHER RESOLVED**, that the Corporation acknowledges and confirms that
Daniel H. Spitzer is the President, Secretary, Treasurer and Sole Director of the
Corporation;

**FURTHER RESOLVED**, that the Corporation acknowledges and confirms that
Alfred Robert Gerebizza was not the Secretary or a Director of the Corporation during the
following years: 2005, 2006, 2007 and 2008;

**FURTHER RESOLVED**, that the President and Secretary of the Corporation are
hereby fully authorized and directed to file a Statement of Correction to the Annual Reports
for the years 2005, 2006, 2007 and 2008 with the Illinois Secretary of State to correct the
prior inaccurate reporting to the Illinois Secretary of State of Alfred Robert Gerebizza as
the Secretary and a Director of the Corporation, and to do all other acts and things that may be
necessary in connection with the change authorized herein;

**FURTHER RESOLVED**, that the President and Secretary of the Corporation are
hereby fully authorized and directed to file an Amended Annual Report for the year 2009
with the Illinois Secretary of State to correct the reporting of Alfred Robert Gerebizza as the
Secretary and a Director of the Corporation, and to do all other acts and things that may be
necessary in connection with the change authorized herein;

**FURTHER RESOLVED**, that the Corporation confirms that the Minutes of the
Annual Meeting for the years 2005 and 2008, signed by Daniel H. Spitzer and reflecting
Alfred Robert Gerebizza as the Secretary and a Director of the Corporation, were prepared
in error and authorize and direct the President and proper Secretary of the Corporation to
prepare and execute corrected Meeting Minutes;

**FURTHER RESOLVED**, that the officers of Corporation be, and they are hereby,
fully authorized, directed and empowered, to execute, acknowledge and deliver in the name
of and on behalf of Corporation, any and all further instruments or writings, and to take such
further action as is necessary to carry out the purpose and intent of these resolutions.

**IN WITNESS WHEREOF**, this Consent is effective as of the _____ day of _____,

2009.

_____
**Daniel H. Spitzer**
*Being the Sole Shareholder and Sole Director*
*of the Corporation.*

CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

SHIRLEY GEREBIZZA,　　　　　)
　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　)
　　　　　　　　　　　　　　　)
　　　　　vs.　　　　　　　　)　　　No.　01 D 86
　　　　　　　　　　　　　　　)
ALFRED GEREBIZZA,　　　　　　)
　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　)

### AFFIDAVIT OF RICH YASAK

Rich Yasak, being first duly sworn on oath, deposes and states:

1.　　　I am over the age of 21 and if called to testify, would testify to the matters set forth in this affidavit based on my personal knowledge.

2.　　　I am currently the managing director of CCS Financial Services, Inc. ("CCS"). CCS is engaged in the business of providing financial and accounting services and provides software assistance relating thereto to its clients.

3.　　　The Conservium Fund, LLC ("Conservium"), Three Oaks Fund 25, LLC ("Three Oaks 25"), Three Oaks Senior Strength Fund, LLC ("Three Oaks Senior"), Senior Strength-Q Fund, LLC ("Senior Strength-Q"), Three Oaks Advanced Fund, LLC ("Three Oaks Advanced"), Three Oaks Fund LP ("Three Oaks L.P."), Three Oaks Currency Fund, LP ("Three Oaks Currency") and Nerium Currency Fund, LP ("Nerium")(collectively, the "Funds"), are all clients of CCS. CCS provides various accounting software assistance, including their K-1 reports, and assists the Funds in preparing their income tax returns. These services are provided personally by me or under my direction.

1



EXHIBIT
A

4.     Conservium, Three Oaks 25, Three Oaks Senior, Senior Strength-Q and Three Oaks Advanced are all identified as Nevada limited liability companies doing business in Stateline, Nevada. Three Oaks LP, Three Oaks Currency and Nexium are all identified as Nevada limited partnerships doing business in Stateline, Nevada.

5.     Based upon my knowledge of the K-1 returns which are prepared for each of the Funds, Alfred Gerebizza ("Gerebizza") does not appear on any of the Funds' K-1 reports.

6.     There do not appear to be any investments, cash or assets in any of the Fund Accounts identified in the name of Gerebizza.

FURTHER AFFIANT SAYETH NAUGHT.

RICH YASAK

SUBSCRIBED and SWORN to before me this 18TH day of MARCH, 2006.

_____
NOTARY PUBLIC

OFFICIAL SEAL
DANA JIAMPA
NOTARY PUBLIC - STATE OF ILLINOIS
COMMISSION EXPIRES:08/21/09

2

CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

SHIRLEY GEREBIZZA,                    )
                                      )
              Plaintiff,              )
                                      )
       vs.                            )    No.    01 D 86
                                      )
ALFRED GEREBIZZA,                     )
                                      )
              Defendant.              )

## AFFIDAVIT OF RICHARD A. RESSEGUIE

Richard A. Resseguie, being first duly sworn on oath, deposes and states:

1.      I am over the age of 21 and if called to testify, would testify to the matters set forth in
this affidavit based on my personal knowledge.

2.      I am the Market President of Harris, N.A. (Cary-Grove) ("Harris"), which owns and
operates the Harris bank branch located at 122 West Main Street in Cary, Illinois.

3.      On or about August 18, 2005, I had a discussion with Daniel Spitzer regarding his
request that Mr. Al Gerebizza be removed as a signer for various bank accounts, including the
following eight (8) accounts maintained at Harris (Nos. 0700139106, 0700144754, 0700144630,
0700011505, 0700141488, 0700144762, 0700136603, and 0700135747) (the "Accounts"). Shortly
thereafter, I received a letter from Mr. Spitzer confirming his request to remove Mr. Gerebizza as a
signatory to those Accounts and changing the addresses for those accounts. A copy of Mr. Spitzer's
August 18, 2005 letter is attached hereto as Exhibit A.

4.      On or about August 24, 2005, I sent a letter to Mr. Spitzer enclosing the forms that he
would have to sign to change the authorized signatures and the address for the Accounts. Those

1



EXHIBIT C-2

forms included Non Personal Account Form Signature Records ("Signature Cards"). A copy of my letter is attached hereto as Exhibit B.

5.     In September, 2005, Harris received the signed Signature Cards for the Accounts, showing Daniel Spitzer as the sole signatory for those Accounts.

6.     Since September, 2005, Mr. Gerebizza has not been a signatory of or for any of the Accounts.

7.     The Accounts are held in the names of the following entities:

| | |
|---|---|
| Nerium Currency Fund, LP | 700136603 |
| Three Oaks Currency Fund, LP | 700135747 |
| Three Oaks Advanced Fund, LLC | 700141488 |
| Three Oaks Fund LP | 700139106 |
| Three Oaks Fund 25, LLC | 721011509 |
| Three Oaks Senior Strength Fund LLC | 0700144630 |
| Senior Strength-Q Fund LLC | 0700144762 |
| The Conservium Fund LLC | 0700144754 |

FURTHER AFFIANT SAYETH NAUGHT.

RICHARD A. RESSEGUIE

SUBSCRIBED and SWORN to before me this _14_ day of _March_, 2006.

NOTARY PUBLIC

"OFFICIAL SEAL"
Ellen J. Krail
Notary Public, State of Illinois
My Commission Exp. 07/22/2007

2



August 18, 2005

Mr. Dick Resseguie
Harris Bank
122 West Main Street
Cary, IL 60013

RE: Change of Address and change of signer

Dear Mr. Resseguie:

Pursuant to your request, please accept this correspondence as confirmation of my
request to remove Mr. AJ Gerebizza as a signer for the below listed accounts. In
addition, I hereby request that the addresses on all accounts be changed to reflect the
address as follows: PO Box 7320, Stateline, NV 89449.

| | |
|---|---|
| Nerium Currency Fund, LP | 700136603 |
| Three Oaks Currency Fund, LP | 700135747 |
| Three Oaks Advanced Fund, LLC | 700141488 |
| Three Oaks Fund, LP | 700139106 |
| Three Oaks Fund 25, LLC | 721011509 |
| Three Oaks Senior Strength Fund, LLC | 0700144630 |
| Senior Strength-Q Fund, LLC | 0700144762 |
| The Conservium Fund, LLC | 0700144754 |
| The Arrow Fund, LLC | 721022241 |
| The Arrow Fund II, LLC | 721027723 |
| Ssecurity Fund, LLC | 721026948 |
| Draseena Operating Account | 0700135739 |
| Anecsard Mgmt., LLC | 071025661 |

I also understand that Harris Bank needs authorization to accept facsimile signatures. I
am prepared to provide whatever information is necessary to fulfill that request.

Please do not hesitate to contact me should you have any questions in regards to this
request. Thank you for your assistance in this matter.

Sincerely,

Daniel Spitzer
President

DS/soc



 **HARRIS**    ATTN' JOHN · W    UZF ↙ ⤶



August 24, 2005

Mr. Daniel Spitzer
President
Draseena Funds
P.O. Box 12150
St. Thomas, USVI 00801-5150

Dear Dan:

Thanks again for your phone call on Tuesday. I hope all the transitioning is going smoothly.

Pursuant to your request to change the Authorized Signatures on the Accounts, change the Addresses, and to accept a Facsimile Signature, I have enclosed two documents per account that need either your signature, or your facsimile signature.

'Non Personal Account Form Signature Record'. Please confirm the Tax ID by signing where the 'Tax ID Signature' is located using your original signature and date. Using your facsimile stamp, please stamp the lower section of the Form

'Agreement For Facsimile Signatures on Checks and Other Orders For Payment.' Please sign this document where indicated using your original signature.

Also, it would be helpful if you would stamp a blank sheet of paper with your facsimile signature (it helps in our scanning process).

Thanks, Dan, and please contact me if you have any questions.

Sincerely,

Richard A. Resseguie
Market President
Harris, N.A. (Cary-Grove)

Copy: Susan O'Connell (w/o enclosures)
enclosures



EXHIBIT

B

O 91 (REV.5/85) Criminal Complaint

# UNITED STATES DISTRICT COURT

NORTHERN ___ DISTRICT OF ILLINOIS, EASTERN DIVISION

UNITED STATES OF AMERICA

V.

DANIEL SPITZER

**F I L E D**
8·2·10
AUG – 2 2010

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

CRIMINAL COMPLAINT

CASE NUMBER:
**10 CR 651**

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

On or about May 4, 2009, ___ in Lake ___ county, in the Northern District of Illinois defendant,

having devised and participated in a scheme to defraud and to obtain money by means of materially false and fraudulent pretenses, representations and promises, for the purpose of executing, and attempting to execute, the scheme to defraud, caused to be delivered by U.S. mail a quarterly statement to Investor C at his address in Riverwoods, Illinois, purporting to show that Investor A's account in the Three Oaks Senior Strength Fund had a balance of $302,101.68 as of March 31, 2009;

In violation of Title 18, United States Code, Section 1341.

I further state that I am a Postal Inspector, U.S. Postal Inspection Service, and that this complaint is based on the following facts:

See attached affidavit

Continued on the attached sheet and made a part hereof: _x_ Yes __ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

August 2, 2010 _____ at ___ Chicago, Illinois _____
Date                                                        City and State

GERALDINE SOAT BROWN, U.S. Magistrate Judge ___ _____
Name & Title of Judicial Officer                              Signature of Judicial Officer

*EXHIBIT D*

STATE OF ILLINOIS )
                      )
COUNTY OF COOK )

## AFFIDAVIT

I, Natalie C. Reda, being duly sworn, state as follows:

1.     I am employed as a Postal Inspector with the United States Postal Inspection Service ("USPIS") and have been so employed since approximately September of 2003. My primary duties include investigating criminal violations of laws involving the United States Mails including, but not limited to, the crime of mail fraud, as defined at Title 18, United States Code, Section 1341. In my capacity as a Postal Inspector, I also investigate bank fraud, wire fraud, money laundering and other financial crimes. I have received specialized training in the enforcement of federal laws and have been involved in various investigations involving postal crimes. I have initiated and participated in criminal investigations involving the execution of search warrants, the review of subpoenaed financial documents, physical surveillance, arrests, and convictions.

2.     The information contained in this affidavit is based on my personal knowledge, on my review of records, and on information I have received from other law enforcement personnel, from persons with knowledge regarding relevant facts, and from the record in a civil case brought by the United States Securities and Exchange Commission ("SEC") against, among others, DANIEL SPITZER, *SEC v. Spitzer, et al.*, 10 CV 3758 (N.D. Ill.). Because of the limited

purpose of this affidavit, I have not set forth all of the information known to me concerning this investigation. I have set forth only those facts that I believe establish probable cause to believe that SPITZER committed the offense alleged in the complaint.

3.     This affidavit is submitted in support of a criminal complaint, alleging that on or about May 4, 2009, having devised and participated in a scheme to defraud and to obtain money by means of materially false and fraudulent pretenses, representations and promises, for the purpose of executing, and attempting to execute, the scheme to defraud and to obtain money by means of materially false and fraudulent pretenses, representations and promises, DANIEL SPITZER caused to be delivered by U.S. mail a quarterly statement to Investor C at his address in Riverwoods, Illinois, purporting to show that Investor C's account in the Three Oaks Senior Strength Fund had a balance of $302,101.68 as of March 31, 2009, in violation of 18 U.S.C. § 1341.

### Overview of the Scheme

4.     As set forth in more detail below, from at least 2004 to the present, SPITZER has perpetrated a fraudulent investment scheme through the offer and sale of interests in twelve investment funds he controls:  Arrow Fund, LLC; Arrow Fund II, LLC; Nerium Currency Fund, LP; Conservium Fund, LLC; Senior Strength Q Fund, LLC; Three Oaks Senior Strength Fund, LLC; Three

2

Oaks Fund, LP; Three Oaks Currency Fund, LP; Three Oaks Advanced Fund, LLC; Three Oaks Fund 25, LLC; US First Fund, LLC, and SSecurity Fund, LLC (collectively known as "the Kenzie Funds"). During the offer and sale of interests in the Kenzie Funds, SPITZER provided investors with materially false and fraudulent information concerning, among other things, how he would use the investor funds, the safety of investor principal and the historical rate of return of the Kenzie Funds.

     5.    As described below, SPITZER, through sales agents and various marketing materials, informed investors that their funds would be used to invest primarily in foreign currency trading, that the Kenzie Funds had never lost money, and that the Kenzie Funds had achieved profitable historical returns. Investors were also informed that after a minimum holding period, determined by the class of investment at issue, they could redeem their investments within a specified period of time, after prior written notice to the fund's administrative manager. Based on these representations, from 2004 until in or about March 2010, SPITZER raised approximately $105 million from approximately 400 investors. However, rather than invest these funds as represented to investors, SPITZER used the vast majority—approximately $71 million—to make Ponzi payments to investors to keep his scheme afloat.

     6.    As part of the scheme, SPITZER caused false periodic statements

and false Schedule K-1 forms to be provided to investors. These false periodic statements and Schedule K-1 forms lulled investors into falsely believing that their investments were profitable and had earned positive rates of return. However, as detailed more fully below, the Kenzie Funds were nowhere near as profitable as represented to investors in the periodic statements and Schedule K-1 forms. As a result, when prior investors sought to redeem their interests in the funds, including both their principal investment and their purported investment gain, SPITZER either used funds raised from other, newer investors to pay off these redemptions ("Ponzi payments") or was unable to pay off the redemptions.

### SPITZER's Control of the Kenzie Funds

7.    SPITZER is a resident of St. Thomas in the U.S. Virgin Islands. He also maintains a residence in Barrington, Illinois. As described below, SPITZER ran the Kenzie Funds through a variety of corporate entities which he represented to be the administrative manager, trading manager, or investment manager of the funds.

8.    Each Kenzie Fund is a separate Nevada limited liability company or limited partnership. The private placement memoranda ("PPMs") for the Funds offer investors either "membership interests" or "limited partnership interests" in a particular fund. The PPMs for all twelve of the Kenzie Funds

4

make similar representations concerning the purported use of investor funds, including money market investments, time deposits, foreign and U.S. Treasuries, foreign currency forward contracts, cash currencies and investments, including stocks, bonds, options and real estate. However, many of the funds list separate investment strategies, and some funds were represented to be safer than others. For example, the PPM for the SSecurity Fund states that the objectives of the fund included "capital preservation" and notes that the fund will invest in, among other things, government guaranteed time deposits, low risk financial instruments, and fixed income securities. By contrast, the PPM for the Arrow Fund states that the trading strategy of that fund "is to seek appreciation of its assets through the purchase and sale of extremely high-risk of loss investments."

9.     The PPMs for eleven of the Kenzie Funds represent that Kenzie Financial Management is the "Trading Manager" for the funds. The PPMs state that Kenzie Financial Management is a U.S. Virgin Islands corporation with SPITZER as its principal officer and sole shareholder. The PPMs also state that the trading manager makes the Funds' investment decisions.

10.     The PPM for one fund, the SSecurity Fund, LLC, represents that Kenzie Services, LLC ("Kenzie Services"), is the fund's "Investment Manager." The PPM for the SSecurity Fund states that SPITZER is the sole manager and

5

member of Kenzie Services and lists a business address for Kenzie Services in Charlestown, Nevis, West Indies.

11.    The PPMs for six of the Kenzie Funds represent that Draseena Funds Group, Corp. ("Draseena") is the "administrative manager" or "general partner" of the funds. According to the PPMs, the administrative manager or general partner administers fund operations and selects the trading manager. The PPMs state that Draseena is an Illinois corporation with a P.O. Box address in Stateline, Nevada. Public Illinois Secretary of State records confirm that Draseena is an Illinois corporation, and show that SPITZER is its president.

12.    The PPMs for five of the Kenzie Funds represents that Aneesard Management, Co., LLC ("Aneesard") is the "administrative manager" of the funds. According to the PPMs, the administrative manager administers fund operations and selects the trading manager. The PPMs state that Aneesard is a Nevada limited liability company with a P.O. Box address in Stateline, Nevada. The PPMs further state that DN Management Company, LLC ("DN") is Aneesard's manager. DN is listed in the PPMs as a limited liability company located at the same address as Aneesard in Stateline, Nevada, with SPITZER as its principal. Public Nevada Secretary of State records confirm that Aneesard is a Nevada limited liability company, that DN is its manager, and that DN is a Nevada limited liability company with SPITZER as its manager.

6