

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| Alfred Robert Gerebizza ) | **FILED** |
| Demandant, Claimant, ) | FEB 1 0 2014 |
| Secured Party ) | THOMAS G. BRUTON |
| v ) Case No. | CLERK, U.S. DISTRICT COURT |
| ) | 10CR 651-2 |
| UNITED STATES OF AMERICA ) | |
| Madeleine Murphy, alleged U.S. ) | |
| attorney, Paul Camarena, alleged ) | |
| Esq. James B. Zagel ) | |
| S.M. KUTA alleged warden | |

ADDENDUM TO WRIT, FINAL BANKRUPTCY ORDER, NOTICE OF FINAL JUDGEMENT ORDER

AGAINST DEFENDANT DANIEL SPITZER et al

Notice is hereby given that this is an Addendum to application for writ recorded by the Clerk of the Court on January 13, 2014 docket # 212. Whereby in the hearing on January 27, 2014, James B. Zagel and Madaleine Murphy, Steven Robert Shanin, Paul Camarena, had Constructive Notice and took Judicial Notice of the record in case No.10 cv 3758 and received by hand a True and Correct Copy from Alfred Gerebizza of the Registered FINAL JUDGEMENT ORDER in Favor of the UNITED STATES, in case No. 10 CV 3758, UNITED STATES v DANIEL SPITZER et al, along with copy of the endorsed alleged True Bill deposited with the Department of the Treasury for Full Payment in Favor of the UNITED STATES, thereby, invoking

exemption Right and Public Policy 73-10, H.J.R. 192 OF 1933 provided by Congress.

Alfred Gerebizza gave oral Notice to all parties present, that on December 6, 2010, Registered FINAL JUDGMENT ORDER against Daniel Spitzer and ORDER OF PERMANENT INJUNCTION Against Entity Defendants in Case Number 10 CV 3758, UNITED STATES SECURITIES AND EXCHANGE COMMISSION v DANIEL SPITZER et al. (EXHIBIT A) a true and correct copy attached hereto, in the UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION 219 South Dearborn, Chicago Illinois, Magistrate Judge Denlow, Judge Leineweber presiding.

Wherein the Defendants in that matter were found negligent of fiduciary responsabilities and in violation of, including but not limited to, Cause 15:77 Securities Fraud, Federal Securities Laws, The Securities and Exchange Act, Interstate Commerce, Anti-Trust Laws and Mail Fraud. The Securities and Exchange Act of 1934 is an Act to provide for the regulation of securities exchanges and of over-the-counter markets operating in interstate and foreign commerce and through the Mails and to prevent inequitable and unfair practices.

15 USC, USCS subsection 16 Judgements (a): Prima Facie evidence, collateral estoppel. A final judgement or decree heretofore or hereafter rendered in any civil or criminal proceeding brought by or on behalf of the UNITED STATES under the antitrust laws to the effect that a defendant has violated said laws shall be prima facie evidence against such defendant in any action or proceeding brought by any other party against

such defendant under said laws as to all matters respecting which said judgement or decree would be an estoppel as between the parties thereto.

There being No procedural appeal under 28 USCS subsection 1291, and No objection or protest of record by the UNITED STATES, the UNITED STATES Attorneys Office or any governmental unit,The FINAL JUDGMENT ORDER AGAINST DEFENDANT SPITZER AND ORDER OF PERMANENT INJUNCTION AGAINST ENTITY DEFENDANTS procedurally formed through Magistrate proceedings, oral prove up, Memorandum and Covenants, therein, satisfying the Statute of Frauds, thereby creating the Constructive Trust, affirming Daniel Spitzer's registered Security Interest in all Entity Defendants, with Legal Title, and all liabilities, indebtedness, in all matters concerning Daniel Spitzer et al, in case 10 cv 3758 having been fully Adjudged, Decreeed and Ordered. Wherefore, Daniel Spitzer's and defendant entities contemptuous violation of the terms and conditions of the FINAL JUDGMENT ORDER gave rise to criminal case 10 cr 651. Registration of judgments, 28 U.S.C. subsection 1963, " when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. Such a judgment entered in favor of the UNITED STATES may be so registered any time after judgment is entered.

A Final Judgment is Prima Facie evidence and agency is collaterally estopped and has consented and accepted the FINAL JUDGMENT in case 10 cv 3758, on behalf of the UNITED STATES ,see 28 U.S.C. and 15 U.S.C.subsection 16(a) with full satisfaction and accord, thereby relieving and indemnifying

Alfred Gerebizza of all liability in case No.10 cr 651 2, thusly, nullifying and voiding any right to supersede without process of appeal on behalf of the UNITED STATES or any of its governmental units.

Therefore, since sole liability has thus been established concerning Daniel Spitzer, including but not limited to, Kenzie Financial Management Inc., Kenzie Services LLC, Draseena Funds Group Corp, Nerium Management Co., Aneesard Management LLC., DN Management Co. LLC, Arrow Fund LLC, Arrow Fund II LLC, Conservium Fund LLC, Nerium Currency Fund LLC, Senior Strength Q Fund LLC, SSecurity Fund LLC, Three Oaks Advanced Fund LLC, Three Oaks Currency Fund LP, Three Oaks Fund LP, Three Oaks Fund 25 LLC, Three Oaks Senior Strength Fund LLC, and US First Fund LLC ( collectively known as Defendants), this Notice serves, in Good Faith, as a request and Demand to remove, discharge, dismiss, forthwith, without delay the good name of Alfred Gerebizza from the complaint in this matter as Alfred Gerebizza has absolutely No liability, legal or equitable title in this matter, 10 cr 651 2.

This Notice will bar any further actions, tax, liens or levies against Alfred Gerebizza's personal and real property, registered and unregistered in this matter. That this court has further Notice of the permanent prohibition created by the Chapter 7 discharge in case no. 09-26632-PGH in the UNITED STATES BANKRUPTCY COURT Southern District of Florida filed August 12, 2009 evidencing the insolvency of the alleged debtor and the bankruptcy estate.(EXHIBIT B) That the alleged TRUE BILL 1:10 cr 651 2 is a charge against the Bankruptcy estate. Any further action other than to Dismiss case No. 1:10

cr 651 2 With Prejudice and without recourse and to not discharge the flesh and blood Alfred Gerebizza from detainment forthwith, constitutes Fraud and Fraud on the Court, see U.S.C. 28 subsection 455(a) and a violation of The Uniform Bankrupycy Code.

That the True Cause and Nature of this matter being resolved on December 6, 2010 by this same district court ORDERED by Harry D. Leinenweber, United States District Court Judge, Magistrate Judge Denlow, and being dually recorded and registered by the Clerk of the Court and further evidenced by sworn affidavit of Natalie Reda, UNITED STATES POSTAL INSPECTOR, as well as other agent, officers, employees of the THE UNITED STATES OF AMERICA SECURITIES EXCHANGE COMMISSION evidencing that No allegations or facts of probable cause or negligence exists, thereby indemnifying Alfred Gerebizza from any and all matters concerning defendant entities. That full liability has been accepted by the defendants in 10 cv 3758 and No appeal, protest or objection to the Record, Memorandum or INJUNCTIVE RELIEF, FINAL JUDGMENT ORDER by the UNITED STATES Attorney or any other governmental unit exists. Fully accepted and agreed by All parties. The judicial decision in case No. 10 cv 3758, creates a Rule of Law, binding on the parties with a Rule of Precedent and therefore the decision stands. Whereby, the district court ORDERED, ADJUDGED AND DECREED, setting forth the sole title and liabilities, that Defendants Daniel Spitzer, Draseena Funds Group Corp., Kenzie Financial Management Co., Kenzie Services L.C.C., Nerium Management L.L.C. et al, shall pay the amount of $33,988,102.00 and prejudgment interest of $10,093,866.00 to

the United States Treasury and a civil penalty of $150,000.00.

That the record reflects that United States Attorneys Office (NDIL) 219 South Dearborn, Suite 500 Chicago Illinois had been fully noticed since the initial filing on 06-17-2010 in case No. 10 cv 3758, and on the impending litigation in that matter. The United States Attorneys Office having No Probable Cause against Alfred Gerebizza and through the use of Duress and Undue Influence coerced his unconsentual detainment and arrest on 11-04-2011. That the True intent of alleged prosecutor Madeleine Murphy was and is to impose and inflict another persons liability onto Alfred Gerebizza.

That the contempt, default and nonpayment of the Ordered Injunctive Relief, including, but not limited to $34,000,000 by Daniel Spitzer et al, per instructions of the FINAL JUDGMENT ORDER in the matter of case No. 10 cv 3758, gave rise to the enforcement action, alleged TRUE BILL 18:1341 Frauds and swindles, a criminal charge in 10 cr 651 also demanding restitution of $34,000,000, under which 18 U.S.C. allows enforcement to be charged as Mail Fraud because of the violations of 15 U.S.C., the Securities Exchange Act, which is an act to provide for regulation of securities exchanges and over the counter markets operating interstate and through the Mails, to prevent inequitable and unfair practices as factually determined in case No.10 cv 3758. In 18 USCS subsection 3691, 402. Contempts constituting crimes. Any person, corporation or association willfully disobeying any lawful writ, order, rule, decree, or command of any district court of the UNITED STATES or any court of the District of

Columbia, by doing any act of thing therein, or thereby forbidden, if the act or thing so done be of such character as to constitute also a criminal offense under any statute of the UNITED STATES or under law of any state in which the act was committed, shall be prosecuted for such contempt as provided in section 3691 of this title [18 USCS , 3691] and shall be punished by a fine under this title or imprisonment, or both. See also section 386, 28 U.S.C Judicial code and Judiciary.

In Good Faith I certify the accuracy of this document and it constitutes an assertion, that the document is submitted in Good Faith and not for abusive purposes and the foregoing is True, Correct and not misleading. Any rebuttal or protest to this Notice must be responded to point by point sworn under the penalties of perjury within 10 days of receipt.

Without Prejudice U.C.C. 1-308

By: *[signature]* 2-5-2014
ALFRED GEREBIZZA
Secured Party, Beneficiary

*[Notary seal: NICOLE PERRY, Notary Public - Arizona, Maricopa County, My Comm. Expires Oct 6, 2016]*

February 5, 2014

1.

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | Judge Leinenweber |
| | Magistrate Judge Denlow |
| DANIEL SPITZER, et al. | Civil Action No. 10 C 3758 |
| Defendants. | |

## FINAL JUDGMENT ORDER AGAINST DEFENDANT SPITZER AND ORDER OF PERMANENT INJUNCTION AGAINST ENTITY DEFENDANTS BY DEFAULT AND ORDER CONTINUING ASSET FREEZE

This matter coming to be heard on Plaintiff's Motion for Final Judgment Against Defendant Spitzer and Permanent Injunction Against Entity Defendants and Continuation of Order Imposing Asset Freeze (the "Motion"). The Court, having considered the memorandum in support of that motion and all of the evidence and the arguments of the parties, and being fully advised in the premises, hereby finds:

   1.   That this Court has jurisdiction over the subject matter of this case and Defendants Daniel Spitzer; Kenzie Financial Management, Inc.; Kenzie Services LLC; Draseena Funds Group, Corp.; Nerium Management Co.; Aneesard Management LLC; DN Management

EXHIBIT A

Co. LLC; Arrow Fund, LLC; Arrow Fund II, LLC; Conservium Fund, LLC; Nerium Currency Fund, LLC; Senior Strength Q Fund, LLC; SSecurity Fund, LLC; Three Oaks Advanced Fund, LLC; Three Oaks Currency Fund, LP; Three Oaks Fund, LP; Three Oaks Fund 25, LLC; Three Oaks Senior Strength Fund, LLC; and USFirst Fund, LLC (referred to collectively as the "Defendants").

2. That each of the Defendants were served with the Complaint and failed to answer, plead, or otherwise respond to the Complaint filed in this action.

3. That Defendants engaged in transactions, acts, practices and courses of business which constitute violations of the federal securities laws. Specifically, they have engaged in transactions, acts, practices and courses of business which constitute violations of Sections 17(a)(1), 17(a)(2) and 17(a)(3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)(1), 77q(a)(2) and 77q(a)(3)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

4. That Defendants Spitzer, Kenzie Financial Management, Inc. and Kenzie Services LLC have engaged in transactions, acts, practices and courses of business which constitute violations of Sections 206(1), 206(2) and 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), 80b-6(2) and 80b-6(4)], and Rule 206-4(8) promulgated thereunder [17 C.F.R. § 275.206-4(8)].

5. That without an order permanently enjoining Defendants from violating the securities laws set forth herein, there is a substantial likelihood that they will continue to violate the federal securities laws.

6.   That it is necessary and appropriate for Defendant Daniel Spitzer to pay disgorgement, plus prejudgment interest, and a civil penalty, in order to make his violations of the federal securities laws unprofitable and to deter future violations.

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Motion by Plaintiff Securities and Exchange Commission is GRANTED against Defendants Daniel Spitzer; Kenzie Financial Management, Inc.; Kenzie Services LLC; Draseena Funds Group, Corp.; Nerium Management Co.; Aneesard Management LLC; DN Management Co. LLC; Arrow Fund, LLC; Arrow Fund II, LLC; Conservium Fund, LLC; Nerium Currency Fund, LLC; Senior Strength Q Fund, LLC; SSecurity Fund, LLC; Three Oaks Advanced Fund, LLC; Three Oaks Currency Fund, LP; Three Oaks Fund, LP; Three Oaks Fund 25, LLC; Three Oaks Senior Strength Fund, LLC; and USFirst Fund, LLC.

II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants Daniel Spitzer; Kenzie Financial Management, Inc.; Kenzie Services LLC; Draseena Funds Group, Corp.; Nerium Management Co.; Aneesard Management LLC; DN Management Co. LLC; Arrow Fund, LLC; Arrow Fund II, LLC; Conservium Fund, LLC; Nerium Currency Fund, LLC; Senior Strength Q Fund, LLC; SSecurity Fund, LLC; Three Oaks Advanced Fund, LLC; Three Oaks Currency Fund, LP; Three Oaks Fund, LP; Three Oaks Fund 25, LLC; Three Oaks Senior Strength Fund, LLC; and USFirst Fund, LLC., their officers, agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them are permanently restrained and enjoined from, in the offer or sale of any securities, by the use of any means or

instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly, employing any device, scheme or artifice to defraud, in violation of Sections 17(a)(1), 17(a)(2) and 17(a)(3) of the Securities Act [15 U.S.C. § 77q(a)(1), 77q(a)(2) and 77q(a)(3)].

III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendants Daniel Spitzer; Kenzie Financial Management, Inc.; Kenzie Services LLC; Draseena Funds Group, Corp.; Nerium Management Co.; Aneesard Management LLC; DN Management Co. LLC; Arrow Fund, LLC; Arrow Fund II, LLC; Conservium Fund, LLC; Nerium Currency Fund, LLC; Senior Strength Q Fund, LLC; SSecurity Fund, LLC; Three Oaks Advanced Fund, LLC; Three Oaks Currency Fund, LP; Three Oaks Fund, LP; Three Oaks Fund 25, LLC; Three Oaks Senior Strength Fund, LLC; and USFirst Fund, LLC, their officers, agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them are permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or any facility of any national securities exchange:

(a) employing any device, scheme or artifice to defraud; or

(b) making any untrue statement of material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person, in violation of Section 10(b) of the Securities

Exchange Act [15 U.S.C. §78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. §240.10b-5].

IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendants Daniel Spitzer, Kenzie Financial Management, Inc. and Kenzie Services LLC, their officers, agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them are permanently restrained and enjoined from violating, directly or indirectly, as an investment adviser, Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1) and 80b-6(2)], by using the mails or means or instrumentalities of interstate commerce, directly or indirectly, to employ any device, scheme, or artifice to defraud any client or prospective client.

V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendants Daniel Spitzer, Kenzie Financial Management, Inc. and Kenzie Services LLC, their officers, agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them are permanently restrained and enjoined from violating, directly or indirectly, as an investment adviser, Sections 206(4) of the Advisers Act [15 U.S.C. §80b-6(4)] and Rule 206-4(8) promulgated thereunder [17 C.F.R. § 275.206-4(8)], while acting as investment advisers to a pooled investment vehicle, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

(a)  to engage in acts, practices or courses of business which are fraudulent, deceptive, or manipulative; or

(b)  to make untrue statements of a material fact or to omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective in the pooled investment vehicle, or otherwise engaging in acts, practices or courses of business that were fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Daniel Spitzer shall pay disgorgement in the amount of $33,988,102 and prejudgment interest in the amount of $10,093,866 to the United States Treasury. Defendants shall make this payment within ten (10) business days after entry of this Order by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Daniel Spitzer as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Order.

VII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Daniel Spitzer shall pay a civil penalty in the amount of $150,000.00 to the United States Treasury. Defendant shall make this payment within ten (10) business days after entry of this Order by

certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Daniel Spitzer as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Order.

## VIII.

IT IS HEREBY ORDERED that until the completion of the collections process or as otherwise ordered by the Court:

(a) All funds and other assets of all of the Defendants shall remain frozen.

(b) Accordingly, the Defendants and their officers, agents, servants, employees, attorneys, trustees and those persons in active concert or participation with any one or more of them, and each of them, who receive notice of the Order or of the terms of the asset freeze provisions contained herein are hereby restrained from, directly or indirectly, withdrawing, transferring, selling, pledging, encumbering, assigning, dissipating, concealing or otherwise disposing of, in any manner, any funds, assets, accounts or other property belonging to any Defendant.

(c) Any bank, financial or brokerage institution or other person or entity holding any such funds or other assets referred to in this Order, in the name of, for the benefit of, or under the control of the Defendants which receives notice of this Order or of the terms of the asset freeze provisions contained herein, shall hold and retain within its control, and shall prohibit the withdrawal, removal, transfer,

disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of, any such funds or other assets.

IX.

IT IS HEREBY ORDERED that the status hearing scheduled for December 1, 2010 at 9:00 a.m. is stricken.

X.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction over this action for all purposes, including to implement and enforce the terms of this Order; and all other orders and decrees which may have been or may be entered in this case, and to grant such relief as this Court may deem necessary and just.

There is no just reason for delay, the Clerk of the Court is directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Order forthwith.

IT IS SO ORDERED.

Dated: 12/6/2010

Honorable Harry D. Leinenweber
United States District Court Judge

09-26632-PGH Alfred R Gerebizza
Case type: bk Chapter: 7 Asset: No Vol: v Judge: Paul G Hyman Jr
Date filed: 08/11/2009 Date of last filing: 06/27/2011
Debtor discharged: 01/05/2010
Date terminated: 06/27/2011

## Case Summary

Office: West Palm Beach
County: PALM BEACH-FL
Fee: Paid
Origin: 0
Previous term:

Filed: 08/11/2009
Terminated: 06/27/2011
Debtor discharged: 01/05/2010
Reopened:
Converted:
Debtor dismissed:
Confirmation hearing:

Joint: n
Current chapter: 7

Debtor disposition: Standard Discharge

Nature of debt: consumer
Pending status: Case Closed
Flags: CLOSED

Trustee: Office of the US Trustee
City: Miami
Phone: (305) 536-7285
Email: USTPRegion21.MM.ECF@usdoj.gov

Trustee: Michael R Bakst
City: West Palm Beach
Phone: 561-838-4539
Fax: 561-514-3439
Email: efilemrb@gmlaw.com

Party 1: Gerebizza, Alfred R (Debtor)
SSN / ITIN: xxx-xx-2010

Atty: James B Miller Esq
Represents party 1: Debtor
Phone: (305) 374-0200
Fax: (305) 374-0250
Email: bkcmiami@gmail.com

Location of case files:
Volume: CS1
The case file may not be available.

EXHIBIT B

Certificate of Service

Case No. 10 cr 651 2

This is to Certify, that I Alfred Robert Gerebizza, have sent through the UNITED STATES mail service on February 5, 2014 a duly verified, ADDENDUM TO WRIT, NOTICE OF FINAL JUDGEMENT IN BANKRUPTCY , FINAL ORDER AGINST DANIEL SPITZER et al ,with EXHIBIT A and B to the following respondents.

1.) Clerk of the Court

219 South Dearborn

Chicago Illinois

2.) Madeleine Murphy

219 South Dearborn # 500

Chicago Illinois

3.) Paul Camarena

500 South Clinton

Chicago Illinois

Without Prejudice U.C.C. 1-380

By: *[signature]*

Secured Party

ALFRED GEREBIZZA